COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. BD-2026-014

IN RE: RINALDO DEL GALLO

MEMORANDUM OF DECISION

This matter is before me on an information and record of proceedings filed by bar counsel, pursuant to S.J.C. Rule 4:01, § 8 (6), as appearing in 453 Mass. 1310 (2009). The Board of Bar Overseers (board) recommends that the respondent, Rinaldo Del Gallo, be suspended from the practice of law for two years. The recommendation follows Del Gallo's default in a two-count disciplinary proceeding in which the allegations of the petition are deemed admitted. Those allegations establish knowing misrepresentations to courts in Illinois and Massachusetts, failure to comply with a court order, frivolous litigation, and unsupported accusations of serious misconduct against opposing counsel.

Del Gallo had repeated opportunities to file a compliant answer and to seek relief from default. He did not do so. Having reviewed the record, including the petition for discipline, Del Gallo's stricken response, and the board's

information and vote, I conclude that the admitted misconduct warrants a two-year suspension and that the board's recommendation is not markedly disparate from sanctions imposed in comparable cases. I therefore adopt the board's recommended sanction.

Background. 1. The petition for discipline. On April 11, 2025, bar counsel filed a two-count petition for discipline against Del Gallo, an attorney admitted to the Massachusetts bar on May 7, 1997.

Count I arises from Del Gallo's representation, on a pro hac vice basis, of five corporations managed by his brother, Paul Del Gallo (Paul), in litigation pending in an Illinois Circuit Court, Diermeier vs. Vallurupalli, Ill. Cir. Ct., No. 2019 CH 01643 (Cook County). At a July 20, 2022, hearing on a motion to compel discovery, Del Gallo repeatedly told the Illinois Circuit Court that his client, First Sight B, LLC (FSB), had complied with a document subpoena. The court ordered him to file proof of compliance by the next business day. He missed that deadline, then filed more than 500 pages of nonresponsive material and represented, in a filing he signed, that his client had fully complied. Before making those representations, he undertook no independent verification and relied entirely on what his brother told him.

On November 3, 2022, the Illinois Circuit Court sanctioned Del Gallo, finding that he had made the statements to the court knowingly for the purpose of causing unnecessary delay and needlessly increasing the costs of litigation. The court also found that his conduct necessitated two additional hearings and that he violated Illinois Supreme Court Rule 137 and Rule 3.3 (a) (1) of the Illinois Rules of Professional Conduct. The court revoked his pro hac vice admission.

Count II arises from two related pieces of Massachusetts litigation that Del Gallo pursued after Daniel Diermeier, the same plaintiff from the Illinois litigation, sought to enforce a domesticated Illinois judgment against Paul. A Boston Municipal Court (BMC) judge issued an execution of the domesticated judgment. Through that execution, a sheriff levied on a Pittsfield residence where Del Gallo lived. Although Del Gallo moved to intervene in the BMC action, his motion was denied, and he never appealed from that denial. Rather than litigating the sale of the residence in the pending BMC action, Del Gallo commenced a separate action, pro se, in the Superior Court against Diermeier, the sheriff and deputy sheriff who would conduct the sale, and the BMC and its judge in both an official and a personal capacity.

In opposing dismissal, Del Gallo told a Superior Court judge that a "Boston Municipal Court judge literally ordered the

sale" of the residence. The record establishes otherwise. The BMC issued an execution after a default judgment, and Diermeier separately sought to levy on it. Del Gallo also argued that his parents' residence could not be reached because their estates had never been probated, a premise inconsistent with the immediate vesting of intestate real property discussed below. When Diermeier's Illinois counsel, Attorney Giel Stein, sought pro hac vice admission in the Superior Court action, Del Gallo accused Stein of suborning perjury, destroying or hiding evidence, conspiring with his client to commit fraud, and operating under an undisclosed conflict of interest. The petition alleges, and Del Gallo's default admits, that those accusations lacked a factual basis.

On February 2, 2023, the Superior Court judge dismissed Del Gallo's action as "wholly frivolous" and "nonsensical," finding that Del Gallo, despite his "quarter-century of experience as an attorney," had no "good faith basis to advance his claims." The judge later awarded Diermeier $9,707 in attorney's fees, which Del Gallo has not paid.

2. The default. Del Gallo did not answer the petition for discipline on time. The board granted him three extensions of time to do so, ultimately to June 9, 2025. He then filed a lengthy narrative response that did not admit or deny the petition's allegations paragraph by paragraph, as required by

the Rules of the Board of Bar Overseers § 3.15(d). Bar counsel moved to strike it. On August 20, 2025, the hearing committee chair allowed that motion and gave Del Gallo ten additional days, until August 30, 2025, to file a compliant answer and to plead any facts in mitigation. He did not do so.

On September 11, 2025, the board notified Del Gallo that he had been defaulted, that the petition's allegations were deemed admitted, and that he had twenty days to move for relief from the default for good cause. He responded on September 23, 2025, with a letter and what the record describes as "sundry motions." The board treated those filings as a motion for relief from default. On October 13, 2025, the board denied it without prejudice and gave Del Gallo a further fourteen days, until October 27, 2025, to file a new motion for relief, on the express condition that it comply with the Rules of the Board of Bar Overseers § 3.15(d) and (h) and include a compliant answer. He filed nothing by that deadline, and nothing afterward. When the board invited the parties to brief the appropriate disposition, bar counsel recommended a two-year suspension. Del Gallo filed no brief of his own. On January 12, 2026, the board voted to file an information with this court recommending a two-year suspension, and the information was filed on January 29, 2026.

Discussion. 1. Standard of review. The board's recommended sanction is entitled to substantial deference, but the court retains the responsibility to determine the discipline appropriate in the circumstances. See Matter of Griffith, 440 Mass. 500, 507 (2003). I consider whether the recommended sanction is markedly disparate from sanctions imposed in comparable cases and what discipline is necessary to protect the public and deter similar misconduct. See Matter of Foster, 492 Mass. 724, 746 (2023); Matter of Lupo, 447 Mass. 345, 356 (2006). Where, as here, a respondent has been defaulted, the factual allegations of the petition for discipline are deemed admitted. See Rules of the Board of Bar Overseers § 3.15. I therefore determine whether those admitted facts establish the charged violations and, if so, the sanction they warrant. See Matter of Lupo, supra at 356.

2. Del Gallo's default. Del Gallo received three extensions to file an answer. When the answer he eventually filed did not comply with the board's rules, the hearing committee chair struck it and gave him ten more days to file a compliant answer and plead facts in mitigation. He did not. After the default entered, the board gave him twenty days to seek relief for good cause. It treated his ensuing letter and motions as a request for that relief, denied the request without prejudice, and gave him another fourteen days to submit a motion

that complied with Rules of the Board of Bar Overseers § 3.15(d) and (h), together with a compliant answer. He filed nothing. On this record, the petition's factual allegations are properly treated as admitted.

3. The Illinois Circuit Court misconduct. a. The established violations. By default, Del Gallo admitted the petition's allegations that he represented to the Illinois Circuit Court, at the July 2022 hearing and afterward, that FSB had complied with Diermeier's subpoena; that he undertook no independent verification before making those representations; that he missed the court's deadline to prove compliance; and that the representations were made knowingly and for an improper purpose.

Those admitted facts establish violations of Mass. R. Prof. C. 1.1, as appearing in 471 Mass. 1311 (2015) (rule 1.1) (competence); Mass. R. Prof. C. 1.3, as appearing in 471 Mass. 1318 (2015) (rule 1.3) (diligence); Mass. R. Prof. C. 3.3 (a) (1), as appearing in 471 Mass. 1416 (2015) (rule 3.3 [a] [1]) (knowing false statements to tribunal); Mass. R. Prof. C. 3.4 (c) and (d), as appearing in 471 Mass. 1425 (2015) (rule 3.4 [c] and [d]) (knowingly disobeying obligation under rules of tribunal and failing to make reasonably diligent effort to comply with proper discovery request); and Mass. R. Prof. C. 8.4 (c), (d), and (h), as appearing in 471 Mass. 1482 (2015)

(rule 8.4 [c], [d], and [h]) (engaging in dishonesty, fraud, deceit or misrepresentation; engaging in conduct prejudicial to administration of justice; and engaging in conduct adversely reflecting on fitness to practice law). Because the conduct related to a matter pending before an Illinois tribunal, Mass. R. Prof. C. 8.5 (b) (1), as appearing in 454 Mass. 1301 (2009), directs application of the Illinois rules of professional conduct. The admitted facts likewise establish the corresponding Illinois violations charged in the petition.

b. Del Gallo's "knowing misrepresentation" argument. In his stricken response, Del Gallo argued that his oral statements to the Illinois Circuit Court could violate the governing rule only if he misrepresented the facts, and that he merely repeated what his brother had told him. The argument does not alter the result. By default, Del Gallo admitted the petition's allegation that the representations were knowing misrepresentations. The Illinois Circuit Court's contemporaneous finding that he made the statements knowingly and for the purpose of causing unnecessary delay and increasing litigation costs is consistent with that admission, but the disciplinary finding here rests on the admitted allegations of the petition. His argument also does not answer the separate allegations that he failed to act competently and diligently in verifying the claimed compliance, failed to make a reasonably

diligent effort to respond to discovery, and failed to comply with the court's order to provide proof of compliance by a certain date.

4. The Massachusetts litigation a. The established violations. Del Gallo admitted the petition's allegations that he commenced the Superior Court action against Diermeier, two sheriffs, and the BMC and its judge in an effort to stop a sheriff's sale; that the Superior Court found the action "wholly frivolous" and "nonsensical" and concluded that he had no good faith basis for it; that he knowingly made a false statement to the Superior Court about the BMC judge having ordered the sale; and that he made grave accusations against opposing counsel without a factual basis. Those admitted facts establish violations of Mass. R. Prof. C. 3.1, as appearing in 471 Mass. 1414 (2015) (frivolous claims); rule 3.3 (a) (1); Mass. R. Prof. C. 4.4 (a), as amended, 490 Mass. 1321 (2022) (rule 4.4 [a]) (using means that have no substantial purpose other than to embarrass, harass, delay or burden a third person); and rule 8.4 (c), (d), and (h). To the extent count II also charges a violation of rule 3.4 (c) based on noncompliance with an order of the Superior Court, the default admits the factual allegations supporting that charge.

b. The intestacy argument. Del Gallo's principal legal premise in the Superior Court action was that his parents'

estates could not pass any interest in the residence because the estates had never been probated. That premise is incorrect.

General Laws c. 190B, § 2-101, provides that property not effectively disposed of by will passes by intestate succession to the decedent's heirs. As to real property, Massachusetts law has long recognized that title vests immediately in the heirs without a distribution from the estate. Russo v. Inzirillo, 360 Mass. 862, 862 (1971) (rescript). Thus, the absence of probate did not, by itself, prevent an intestate interest in the residence from vesting. Del Gallo's reliance on the statutory right to disclaim does not change that conclusion. A disclaimer must satisfy the requirements of G L c. 190B, § 2-801, including a clear and unequivocal writing and applicable filing requirements. The record contains no such disclaimer. The mere availability of a right to disclaim therefore does not support Del Gallo's premise that no interest vested.

c. The accusations against Attorney Stein. Del Gallo's opposition to Attorney Stein's pro hac vice admission accused Stein of suborning perjury, destroying or hiding evidence, conspiring with his client to commit fraud, and operating under an undisclosed conflict of interest. By default, Del Gallo admitted the petition's allegations that these accusations lacked a factual basis and were made for no substantial purpose other than to embarrass, harass, or burden Stein. Those

admitted facts establish the charged violation of rule 4.4 (a). See Matter of Samra, 2023-DDC-6562, at 2 (SJ 2023) (pro se attorney violated rule 4.4 [a] by making false statement to embarrass or burden former partner's brother). The fact that Del Gallo was proceeding pro se does not remove his conduct from the rule. See id.

5. Aggravation and mitigation. Del Gallo had nearly twenty-five years of experience at the time of the misconduct, which is an aggravating factor. See Matter of Foster, 492 Mass. at 751, citing Matter of Luongo, 416 Mass. 308, 312 (1993). The misconduct spans two counts, multiple rules, and proceedings in three tribunals in two States. The sanction must account for the cumulative effect of those violations. See Matter of Baker, 496 Mass. 1018, 1024 (2025); Matter of Hayes, 493 Mass. 1010, 1016 (2023), citing Matter of Saab, 406 Mass. 315, 326-327 (1989); Matter of Zak, 476 Mass. 1034, 1039 (2017). No mitigating circumstance is properly before me. Del Gallo was expressly given an opportunity to plead mitigation and did not do so. See Rules of the Board of Bar Overseers § 3.15(f), (g).

6. The recommended sanction is not markedly disparate. In cases involving intentionally false statements to a court, a one-year suspension has been imposed. See Matter of Baker, 496 Mass. at 1024; Matter of McCarthy, 416 Mass. 423, 431-432 (1993); Matter of Neitlich, 413 Mass. 416, 422-424 (1992).

Here, the admitted misconduct is broader. It includes knowing misrepresentations in proceedings in Illinois and Massachusetts, failure to comply with a court order, frivolous litigation, and unsupported accusations of serious wrongdoing against opposing counsel. The violations must be considered cumulatively rather than in isolation. See Matter of Baker, supra at 1024; Matter of Zak, 476 Mass. at 1039. Comparable cases support a two-year suspension. See Matter of Oberhauser, 37 Mass. Att'y Discipline Rep. 441, 441-442 (2021) (two-year suspension for misrepresentations to court and bar counsel and related violations, with prior discipline in aggravation); Matter of Belanger, 37 Mass. Att'y Discipline Rep. 25, 32, 46-47 (2021) (two-year suspension for serious misconduct including frivolous claims and disobedience of orders); Matter of Johnson, 27 Mass. Att'y Discipline Rep. 490, 491-492, 495-496 (2011) (two-year suspension for false affidavit and false statements concerning compliance with a court order, with prior discipline in aggravation). Baker, which involved a broader pattern of misconduct, resulted in a three-year suspension. Matter of Baker, supra at 1020-1024. Considering the nature and cumulative effect of Del Gallo's admitted violations, his substantial experience, the absence of mitigation, and the sanctions imposed in comparable cases, the board's recommendation of a two-year suspension is not markedly

disparate and is appropriate to protect the public and deter similar misconduct.

Conclusion. I hereby adopt the board's recommended sanction. Accordingly, an order shall enter suspending Rinaldo De Gallo for a period of two years, effective ten days from the date of entry of the order.

By the court,

Serge Georges, Jr.
Associate Justice

Entered: September 16, 2026